UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re ) | |
|    KETTLY BEAUGE ) | Chapter 13 |
|    CAMILLE BEAUGE ) | Case No. 11-12313-FJB |
| ) | |
|       Debtors ) | |

### APPLICATION OF DEBTORS FOR AUTHORITY TO EMPLOY JOHN TANGUSSO, ESQ. AS SPECIAL COUNSEL

Debtors, Kettly and Camille Beauge ('the Debtors"), hereby apply for entry of an order pursuant to section 1306 (a)(1) & (b) and section 327 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Rule 2014-1 of the Massachusetts Local Bankruptcy Rules ("MLBR"), authorizing the Debtors to retain John Tangusso, as their counsel in the negotiation, settlement or litigation of their personal injury matters. This application is made upon the request of the Chapter 13 Trustee.

Background

1. On March 21, 2011 (the "Petition Date"), the Debtors filed their voluntary petition for relief under Chapter 13 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court of the District of Massachusetts (Eastern Division).

2. The Court has jurisdiction over this Application pursuant to 28 U.S.C. sections 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. sections 1408 and 1409. This is a "core" proceeding pursuant to 28 U.S.C. section 157(b). The statutory predicate for relief sought herein is section 327 (a) of the Bankruptcy Code.

3. By order of the Court dated March 21, 2011, Debtors were granted relief under Chapter 13 of the Bankruptcy Code.

4.   In schedule B Debtors listed non-exempt interests in two personal injury cases which we being handled pre-petition by Attorney John Tangusso. On information and belief, Tangusso was at or nearing settlement of these two matters *prio*r to the filing of their petition for relief.

5.   By order of this Honorable Court, the Standing Chapter 13 Trustee Carolyn Bankowski ('Trustee") was appointed as trustee in the Debtors' bankruptcy case. At the 341 Meeting, the Trustee requested that Debtors submit an Application to Employ Special Counsel.

### Relief Requested

6.   The Debtors have selected Tangusso as their personal injury attorney because of his extensive experience and knowledge in the field of personal injury law. Prior to the bankruptcy filing Mr. Tangusso was engaged to handle both personal injury matters.

7.   Subject to Court approval, Tangusso will request a standard attorneys fee for legal services totaling 33 and 1/3 percent of the gross settlement amount of the personal injury cases.

8.   The fee agreement set forth above is Tangusso's standard contingency rate for work of this nature. These rates are set at a level designated to fairly compensate Tangusso for his work and that of any of his staff and to cover fixed and routine overhead expenses.

9.   It is also Tangusso's policy to charge his clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to the clients include, telephone and facsimile charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, travel expenses, computerized research, and transcription costs. Tangusso will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to Tangusso's other clients. Tangusso believes that it is more fair to charge these expenses to the clients incurring them than to increase the contingency fee rate and spread the expenses among all clients.

10. The professional services that Tangusso will render to the Trustee include, but shall not be limited to, the following:

a. Personal Injury Matter Arising out of a Motor Vehicle Accident which occurred on or about August 10, 2010.

11. To the best of the Debtors knowledge, and except as might be disclosed in the attached affidavit of John S. Tangusso, Esquire (the "Tangusso Affidavit"), Tangusso has not represented Debtors' creditors nor any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or the estate.

12. To the best of the Trustee's knowledge, and except as disclosed in the Tangusso Affidavit, Tangusso does not hold or represent any interest adverse to the Debtors' estate, Tangusso is a "disinterested person" as that phrase is defined in section 101 (14) of the Bankruptcy Code, and Tangusso's employment is necessary and in the best interest of the Debtors.

WHEREFORE, Debtors respectfully requests entry of an order, substantially in the form attached hereto: (i) authorizing the Debtors to employ and retain Tangusso as their counsel; and (ii) granting such other and further relief as is just and necessary.

6/10/2011

Respectfully Submitted,

KETTLY BEAUGE & CAMILLE BEAUGE

By Their Attorney,

/s/ Terrence L. Parker

PARKER LAW OFFICES
185 ALEWIFE BROOK PARKWAY, STE. 404
CAMBRIDGE, MA   02138
617-491-2265
B.B.O.:555277